# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CAMERON B. SULLIVAN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2227-S |
| | § | |
| OTR WHEEL ENGINEERING, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant OTR Wheel Engineering, Inc.'s Motion to Dismiss Assault Claim in Plaintiff's First Amended Complaint ("Motion") [ECF No. 22]. The Court has reviewed the Motion, Plaintiff Cameron B. Sullivan's Response in Opposition to the Motion [ECF No. 24], Defendant's Reply in Support of the Motion [ECF No. 25], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

This case arises out of Plaintiff's supervisor allegedly groping Plaintiff and Defendant's subsequent handling of the incident. Plaintiff worked for Defendant as a Wheel Technician. First Am. Compl. ("Amended Complaint") [ECF No. 20] ¶ 3.01. Plaintiff's supervisor was David Holloway. *Id.* During a meeting, Holloway allegedly "walked up to Plaintiff and groped Plaintiff's penis in front of at least fifteen (15) co-workers." *Id.* ¶ 3.02. In the following days, Plaintiff confided in coworkers about the incident. *Id.* ¶¶ 3.04-.05. Plaintiff later filed a police report, told a supervisor what happened, and discussed the incident with Human Resources. *Id.* ¶¶ 3.06-.08. The Director of Human Resources assigned Alyssa Gulledge to investigate Plaintiff's complaint. *Id.* ¶ 3.08. Plaintiff alleges that Gulledge waited four days before contacting him. *Id.* ¶ 3.09. As Gulledge began investigating, Plaintiff "felt like he was in a hostile environment." *Id.* ¶ 3.11. Gulledge called Plaintiff at the conclusion of the investigation and informed him that she could not substantiate his claim. *Id.* ¶ 3.12. Plaintiff was expected to continue reporting to Holloway. *Id.*

Plaintiff contacted employees who had witnessed the alleged assault and claims that they were intimidated by Holloway, were never interviewed, or did not witness the incident. *Id.* ¶¶ 3.13-.16. Plaintiff stopped reporting to work, and Defendant terminated his employment. *Id.* ¶¶ 3.18-.22.

Based on the foregoing events, Plaintiff brings claims for discrimination, retaliation, harassment, and hostile work environment under the Texas Labor Code and a claim for common-law assault. *Id.* ¶¶ 4.01-5.06. Defendant filed the Motion, seeking dismissal of Plaintiff's assault claim.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir.

1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

## III. ANALYSIS

Plaintiff brings an assault claim predicated on the groping incident involving Holloway. *See* Am. Compl. ¶¶ 3.02, 5.02. Defendant moves to dismiss Plaintiff's assault claim on the ground that it is preempted by the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.001, et seq. Mot. 3. According to Defendant, the gravamen[1] of Plaintiff's claim is harassment, not assault. *Id.* at 4. Defendant cites two Texas Supreme Court cases on the issue: *Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010), and *Steak N Shake*, 512 S.W.3d 276. Mot. 3. Arguing that Plaintiff's allegations here are more similar to the allegations in *Waffle House*, in which the court found that preemption applied, than to the allegations in *Steak N Shake*, in which the court found that the plaintiff's assault claim was not preempted, Defendant urges the Court to dismiss Plaintiff's assault claim. *Id.* at 4.

In *Waffle House*, the plaintiff's coworker made offensive sexual comments, winked at the plaintiff, showed her a condom, stared at her, pushed her, "rub[bed] against her breasts with his arm," and blocked her from exiting a supply room, among other things. 313 S.W.3d at 799. The plaintiff sued her employer, Waffle House, for sexual harassment under the TCHRA and common-law negligent supervision and retention. *Id.* at 798. The primary question facing the court was: "may a plaintiff recover negligence damages for harassment covered by the TCHRA?" *Id.* at 798-99. The court held that "[w]here the gravamen of a plaintiff's case is TCHRA-covered harassment, the [TCHRA] forecloses common-law theories predicated on the same underlying sexual-

---

[1] "The gravamen of a claim is its true nature, as opposed to what is simply alleged or artfully pled, allowing courts to determine the rights and liabilities of the involved parties." *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 283 (Tex. 2017) (citation omitted).

3

harassment facts." *Id.* at 813; *see also id.* at 799 ("[T]he TCHRA . . . is preemptive when the complained-of negligence is entwined with the complained-of harassment."). Applying that standard to the facts of the case, the court determined that the complained-of acts constituted harassment under the TCHRA and thus could not "moonlight as the basis for a negligence claim." *Id.* at 813.

In *Steak N Shake*, the Supreme Court of Texas again was asked the decide whether a plaintiff's common-law claim—this time for assault—was preempted by the TCHRA. 512 S.W.3d at 277. The *Steak N Shake* plaintiff brought suit after her supervisor attacked her in a bathroom at work, "tr[ied] to kiss her," "began pulling down her pants while putting his hand up her shirt," and "expos[ed] his genitals to [her]." *Id.* at 278. The court found that differences in the "severity and frequency of the assailant's conduct," "the nature of the claims themselves," and "the fundamental theory of employer liability" distinguished the case from *Waffle House*. *Id.* at 280-81. Because *Waffle House* did not dictate the outcome, the court analyzed the gravamen of the plaintiff's claim and held that it was "assault and not harassment." *Id.* at 283. The court noted five factors supporting its conclusion: (1) the plaintiff's supervisor did not "offer[] her a promotion or tie[] sexual favors to job performance"; (2) the plaintiff's supervisor's actions did not have "the purpose or effect of unreasonably interfering with [her] work performance or creating an intimidating, hostile, or offensive working environment"; (3) the plaintiff denied "any discussion of a sexual nature or any actions by her supervisor that could be interpreted in a sexual way prior to the alleged . . . assault"; (4) the supervisor's behavior was not part of a pattern; and (5) the plaintiff did not "witness or report any prior assaultive behavior by her supervisor or any other . . . manager." *Id.* at 283-84 (citation omitted). "In other words," the plaintiff did "not allege that [her employer] [was] liable

4

for fostering or tolerating a hostile work environment, a wrong the TCHRA was intended to remedy." *Id.* at 284.

In sum, the TCHRA preempts common-law claims predicated on sexual harassment facts where the gravamen of a plaintiff's case is harassment. *Waffle House*, 313 S.W.3d at 813. But "where the gravamen of a plaintiff's claim is assault . . ., the TCHRA does not foreclose the assault claim even when predicated on the same facts that would presumably constitute a sexual-harassment claim under the TCHRA." *Steak N Shake*, 512 S.W.3d at 285.

Here, as in *Steak N Shake*, the severity and frequency of Holloway's conduct, the nature of Plaintiff's claims, and the theory of Defendant's liability distinguish this case from *Waffle House*. *Id.* at 282. Plaintiff alleges a single assault in which his supervisor "groped" his genitals in front of coworkers. Am. Compl. ¶ 3.02; *see also Steak N Shake*, 512 S.W.3d at 280. Plaintiff brought an assault claim, not a negligence claim. Am. Compl. ¶¶ 5.01-.06; *see also Steak N Shake*, 512 S.W.3d at 281. And Plaintiff alleges that Defendant "is liable because one of its alleged vice principals committed an assault."[2] *Steak N Shake*, 512 S.W.3d at 281; Am. Compl. ¶ 5.02 ("Plaintiff was the victim of sexual assault and battery suffered at the hands of a Vice Principal in the person of . . . Holloway[.]"). As such, *Waffle House* does not dictate the outcome of this case, and, like the *Steak N Shake* court, the Court must determine "whether the gravamen of" Plaintiff's claim based on the groping incident "is assault or harassment." 512 S.W.3d at 283.

The five factors distilled from *Steak N Shake* point to the gravamen of Plaintiff's claim being assault. Holloway did not offer Plaintiff anything in exchange for sexual favors. Plaintiff does not allege that "absent the assault, [Holloway's] actions had the purpose or effect of

---

[2] Plaintiff also appears to predicate Defendant's liability on negligent hiring or retention. Am. Compl. ¶ 5.02. However, the Court declines to dismiss Plaintiff's assault claim at this stage solely because Plaintiff pleaded alternative theories of recovery, one of which could be preempted. *See* FED. R. CIV. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

5

unreasonably interfering with [Plaintiff's] work performance or creating an intimidating, hostile, or offensive working environment." *Id.* (citation and internal quotation marks omitted). There are no allegations regarding sexual comments or actions prior to the alleged assault, and Plaintiff does not allege any pattern of behavior. And Plaintiff did not witness or report any prior assaultive behavior. In other words, Plaintiff does not allege that Defendant is liable for fostering or tolerating a hostile work environment. Based on Plaintiff's pleadings, Plaintiff is not "attempting to shoehorn a harassment claim into an assault by focusing solely on one aspect of a long-standing pattern of harassment." *Id.* at 284. Rather, "[t]he essence of [Plaintiff's] claim" arising out of the groping incident "*is* assault." *Id.*

For the foregoing reasons, Plaintiff's assault claim is not preempted under the law applicable to sexual harassment claims. For the sake of thoroughness, the Court also briefly addresses retaliation under the TCHRA. Though Plaintiff purports to bring harassment and hostile work environment claims, his allegations appear to support only a retaliation claim. *See* Am. Compl. ¶ 4.02 ("Plaintiff was harassed as a result of his complaints [about the alleged assault] and subjected to a hostile environment."); *see also Metro. Transit Auth. of Harris Cnty. v. Ridley*, 540 S.W.3d 91, 98-99 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (analyzing hostile work environment claim under the TCHRA's retaliation framework where the plaintiff argued "that she was subjected to a hostile work environment as retaliation for engaging in protected activity, not as a result of her race or gender"). The TCHRA bars a common-law claim when it is "based upon the same retaliatory conduct that is actionable under the TCHRA for . . . retaliation." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 744 (N.D. Tex. 2012) (citing *Waffle House*, 313 S.W.3d at 807). Here, Plaintiff's assault claim is not predicated on the same facts as his TCHRA claim. The assault claim is based on the alleged groping incident. *See* Am. Compl. ¶ 5.02. The TCHRA

claims, by contrast, are based on Defendant's actions after Plaintiff reported the alleged assault. *See id.* ¶ 4.02. As such, Plaintiff has adequately pleaded that the gravamen of his claim arising out of the groping incident is assault, and Plaintiff's actual and potential TCHRA claims—no matter how they are characterized—do not preempt his assault claim.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss Assault Claim in Plaintiff's First Amended Complaint [ECF No. 22].

**SO ORDERED.**

SIGNED May 8, 2024.

_____
KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE